IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| ROJANA HANNAH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | EP-11-CV-269-KC |
| | § | |
| ALLSTATE TEXAS LLOYD'S, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## ORDER

On this day, the Court considered jointly "Plaintiff's Opposed Motion to Remand and Memorandum in Support of Motion to Remand" ("Motion to Remand"), ECF No. 4, and "Allstate's Opposed Motion for Leave to File Its Sur-Reply in Opposition to Plaintiff's Motion to Remand and in Supplement to Notice of Removal" ("Motion for Sur-Reply"), ECF No. 17. For the reasons set forth herein, the Motion to Remand is **GRANTED**. The Motion for Sur-Reply is **DENIED**.

**I. BACKGROUND**

Plaintiff purchased a Texas Homeowner's Insurance Policy ("Policy") from Defendant. Mot. to Remand 2. The Policy covered Plaintiff's property located at 5501 Vancouver Street, El Paso, Texas 79924 ("Property"). Def.'s Notice of Removal Ex. A ("Complaint") 2, ECF No. 1-2. On September 17, 2009, wind and hail storms damaged the Property. Mot. to Remand 1. Consequently, Plaintiff submitted a claim for damages to Defendant under the Policy. *Id.* at 1; Compl. ¶ 7. According to Plaintiff, Defendant failed to make payment under the Policy, denied that the Policy covered the damage, failed to conduct a reasonable investigation, and unfairly attempted to settle the claim for an inadequate sum. Mot. to Remand 2; Compl. ¶¶ 10, 12.

On May 13, 2011, Plaintiff filed a petition in the 120th Judicial District Court of El Paso County,

1

Texas claiming breach of contract, violations of the Texas Insurance Code, and breach of the duty of good faith and fair dealing. Mot. to Remand 2. Defendant filed an answer in state court on June 15, 2011. *Id.* at 3. One week later, Defendant filed a Notice of Removal with this Court. *See* Def.'s Notice of Removal, ECF No. 1. Plaintiff filed the Motion to Remand on August 11, 2011, alleging the Court lacks subject matter jurisdiction because the amount in controversy does not exceed $75,000. Mot. to Remand 1, 3.

## II. DISCUSSION

### A. Standard

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation omitted). By statute, a defendant may remove a case to the federal district court in the division embracing the place where such action is pending in state court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a)-(b); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The district court must remand a case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

Where the jurisdiction of the court is challenged, the burden is on the party seeking to preserve the district court's removal jurisdiction. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997). Because removal deprives the state court of the opportunity to hear a case properly before it, removal raises significant federalism concerns. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365-66 (5th Cir. 1995). These federalism concerns mandate that federal courts strictly construe the removal statutes. *Shamrock Oil*, 313 U.S. at 108-09; *Carpenter*, 44 F.3d at 365-66. Therefore, federal courts should resolve any doubts about jurisdiction in favor of remand. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### B. Analysis

Plaintiff argues Defendant has failed to establish federal jurisdiction. *See* Mot. to Remand 1. Specifically, Plaintiff argues that the amount in controversy does not exceed $75,000, thus destroying diversity jurisdiction and mandating remand to state court. *Id.* at 3.

Defendant, on the other hand, contends that it is "facially apparent" from Plaintiff's Complaint that the amount in controversy requirement is satisfied. Allstate's Resp. to Pl.'s Mot. to Remand in Supp. of and in Supplement to Notice of Removal ("Def.'s Resp.") 2, ECF No. 11. Defendant points to Plaintiff's prayer for "actual damages, value of benefits due under the insurance policy, past and future mental anguish, exemplary damages, reasonable and necessary attorney's fees, consequential damages, and statutory damage" as evidence that "Plaintiff seeks an amount of greater that $75,000." *Id.* at 2.

A defendant can remove a case to federal court only if a plaintiff could have originally filed the case in federal court. 28 U.S.C. § 1441(a)-(b); *Caterpillar*, 482 U.S. at 392. District courts have original jurisdiction where either a federal question is presented in the complaint or where the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32. Here, the Complaint contains no federal question. Therefore, the Court will only have original jurisdiction if the parties are diverse and the amount in controversy exceeds $75,000.

The parties do not dispute there is diversity of citizenship. Thus, the controlling question is whether the amount in controversy exceeds $75,000. To determine the amount in controversy, courts generally accept a plaintiff's good faith claim. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). However, if a plaintiff does not state an amount in the complaint, a defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638-39 (5th Cir. 2003). To determine if a defendant has met the burden, courts first examine whether it is "'facially apparent' from a plaintiffs' complaint" that the amount in controversy exceeds $75,000. *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335

(5th Cir. 1995)). If it is not facially apparent, then the defendant must present summary judgment-type evidence that the amount in controversy exceeds $75,000. *Id.*; *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003).

Plaintiff has not stated a specific amount of damages.[1] Therefore, Defendant must show that jurisdiction is either facially apparent or present summary judgment-type evidence showing remand is not warranted. *See Garcia*, 351 F.3d at 638-39; *White*, 319 F.3d at 675.

1.  **Facially apparent**

Courts will consider "the nature of the claims and the types of damages sought" to determine whether it is facially apparent that the amount in controversy meets jurisdictional requirements. *Chittick v. Farmers Ins. Exch.*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994). "Common sense" also may guide a court's analysis. *Allen*, 63 F.3d at 1336; *see also Cross v. Bell Helmets, USA*, 927 F. Supp. 209, 213 (E.D. Tex. 1996) (applying "common experience" to a remand analysis).

A number of cases have found that it is facially apparent that the amount in controversy requirement was met when a plaintiff sought an extensive assortment of damages. In *Allen*, the Fifth Circuit determined "it was more likely than not" that a claim exceeded the requisite jurisdictional amount because the claim involved "three companies, 512 plaintiffs, and a wide variety of harm allegedly caused by wanton and reckless conduct." 63 F.3d at 1336. In *Gebbia v. Wal-Mart Stores, Inc.*, the plaintiff's claim for "damages for medical expenses, physical pain and suffering, mental anguish and suffering, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement" established an amount sufficient for federal jurisdiction. 233 F.3d 880, 883 (5th Cir. 2000).

---

[1] Under Texas law, Plaintiff is unable to plead a specific amount of damages. *See* Tex. R. Civ. P. 47(b); *Capital Brick, Inc. v. Fleming Mfg. Co., Inc.*, 722 S.W.2d 399, 401 (Tex. 1986) (explaining that Texas law prevents plaintiffs seeking unliquidated damages from stating a specific amount of damages in their complaint).

Additionally, in *Luckett v. Delta Airlines*, the Fifth Circuit deemed it facially apparent that a plaintiff who "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization" stated claims exceeding $75,000. 171 F.3d 295, 298 (5th Cir. 1999).

However, other cases have held that the types of damages pleaded did not demonstrate a sufficient amount in controversy on the face of the complaint. For example, in *Simon v. Wal-Mart Stores, Inc.*, the Fifth Circuit found no federal jurisdiction over a complaint that alleged damages for "an injured shoulder, bruises, and abrasions—and unidentified medical expenses . . . plus loss of consortium." 193 F.3d 848, 850-51 (5th Cir. 1999). In distinguishing *Luckett*, the Fifth Circuit in *Simon* noted that the injuries at issue were "less severe" than the injuries alleged in *Luckett*. *Id.* Also unlike *Luckett*, the plaintiff in *Simon* "did not allege any damages for loss of property, emergency transportation, hospital stays, specific types of medical treatment, emotional distress, functional impairments, or disability." *Id.* Thus, it was not facially apparent that the complaint would meet the amount in controversy requirement. *Id.* Additionally, in *Asociacion Nacional de Pescadores a Pequena Escala o Artensanales de Colombia (ANPAC) v. Dow Quimica de Colombia*, the plaintiffs sought damages for personal injuries and lost income resulting from a chemical spill. 988 F.2d 559, 565 (5th Cir. 1993), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998). The Fifth Circuit held that these claims were not "facially likely to be over the jurisdictional amount." *Id.*

Determining the amount in controversy based on the types of damages sought is a fact-specific inquiry. For example, in *White v. FCI USA, Inc.*, the Fifth Circuit affirmed a district court's decision that a claim for punitive damages, attorney's fees, harm to credit, mental anguish and emotional distress established the amount in controversy exceeded the jurisdictional threshold. 319 F.3d at 672. Nevertheless, a subsequent case noted that the plaintiff in *White* was "earning more than $100,000.00 per

5

year." *Farrar v. Wal-Mart Stores, Inc.*, No. SA–2004–CA–0775–FR, 2004 WL 2616303, at *3 (W.D. Tex. Nov. 16, 2004). *Farrar* refused to apply *White* where a plaintiff advancing factually similar claims earned under $20,000. *Id.*

The "common sense" standard used to determine whether the amount in controversy appears sufficient on the face of a complaint has resulted in a system of case-by-case determinations. *See, e.g.*, *White*, 319 F.3d at 672; *Gebbia*, 233 F.3d at 880; *Luckett*, 171 F.3d at 295; *Simon*, 193 F.3d at 848; *ANPAC*, 988 F.2d at 559; *see also* Rebecca Hild, *Federal Diversity Jurisdiction in the Fifth Circuit: Meeting the Amount in Controversy*, 61 Baylor L. Rev. 296, 315 (2009) ("No clear rules govern what is 'facially apparent.' What is facially apparent will be determined case by case; neither the Fifth Circuit's nor its district courts' decisions can be easily predicted."). In fact, courts have noted inconsistencies between decisions. *See, e.g.*, *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 774 (5th Cir. 2003) (noting inconsistency between *Luckett* and *Simon*); *Gebbia*, 233 F.3d at 883 (same). However, the federalism concerns inherent in removal significantly influence the remand analysis. *See Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). Thus, "any doubt as to the propriety of removal should be resolved in favor of remand." *Id.* (citing *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

Here, Plaintiff's Complaint states that "Plaintiff seeks damages not in excess of $75,000."[2]

---

[2] Texas Rule of Civil Procedure 47(b) allows plaintiffs to plead damages below the jurisdictional threshold. Tex. R. Civ. P. 47(b) ("An original pleading . . . shall contain . . . the statement that the damages sought are within the jurisdictional limits of the court."). However, general statements that damages are below $75,000 are a disfavored means of ascertaining the amount in controversy for removal purposes. *See Allen*, 63 F.3d at 1335 n.14 (allowing plaintiffs to limit the amount in controversy "may allow plaintiffs to manipulate federal jurisdiction."); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) (noting plaintiffs who pleaded damages below the jurisdictional threshold may have pleaded in bad faith). Therefore, Plaintiff's claim for damages "not in excess of $75,000 " is, by itself, insufficient to determine whether the amount in controversy is apparent on the face of the Complaint.

Compl. ¶ 4.  However, Plaintiff does not include the estimated cost of the damage or describe the extent of the damage in the Complaint.  *See generally* Compl.  Plaintiff requests general damages, specific damages including the value of benefits due under the insurance policy and past and future mental anguish, exemplary damages, attorney's fees, pre-judgment and post-judgment interest as provided by law, court costs, and "[a]ll other and further relief to which the Plaintiff may be justly entitled."  Compl. ¶ 26.

Defendant contends that the variety of damages pleaded in the Complaint makes it facially apparent that the amount in controversy exceeds the jurisdictional amount.  *See* Def.'s Resp. ¶ 2.  Defendant points to Plaintiff's claim for knowing violations of the Texas Insurance Code, which provides for treble damages.  *See* Compl. ¶ 16-21; Tex. Ins. Code § 541.152(b).  Plaintiff also seeks exemplary damages.  Compl. ¶ 26.  Under Texas law, exemplary damages may be awarded up to "two times the amount of economic damages; plus . . . an amount equal to any noneconomic damages found by the jury, not to exceed $750,000 " or, alternatively, up to $200,000.  Tex. Civ. Prac. & Rem. Code § 41.008.  Additionally, Plaintiff requests attorney's fees.  *See* Compl. ¶ 26.  Plaintiff is entitled to collect attorney's fees if she prevails, and thus may add the fee amount to the amount in controversy.  *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy."); Tex. Ins. Code § 541.152(a)(1) (stating that a prevailing plaintiff under the statute may collect attorney's fees).

Nevertheless, the Court finds that it cannot determine the amount in controversy without an indication of the extent or value of the property damage.  If the Court were to find that the amount in controversy requirement could be satisfied on the face of the complaint based solely on the type of damages sought, then a plaintiff claiming a variety of damages would always meet the amount in controversy requirement, regardless of the true extent of the underlying loss.  Cases involving small amounts of harm would inappropriately be swept into federal court based simply on the fact that a

7

plaintiff sought multiple types of damages awards. This would conflict with the federalism concerns underlying the strict construction of removal statutes. *Shamrock Oil*, 313 U.S. at 108-09; *Carpenter*, 44 F.3d at 365-66.

Thus, despite the variety of damages at issue, the amount in controversy is not apparent on the face of the Complaint. In the absence of some factual context regarding the extent of the property damage, the Court cannot estimate an amount that could be tripled under the Texas Insurance Code, awarded as consequential damages, or accrued in attorney's fees. *See Vanguard Mach. Int'l, L.L.C. v. Smith Publ'g, Inc.*, No. H-07-3490, 2008 WL 416254, at *2 (S.D. Tex. Feb. 13, 2008) ("[W]hether it is facially apparent that a plaintiff's claims will likely exceed the jurisdictional amount largely depends on whether the facts alleged in the petition warrant such an inference."). Following the settled rule that "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand," the Court finds that it is not facially apparent that the damages exceed, or even approach, the requisite amount in controversy. *See Manguno*, 276 F.3d at 723.

### 2. Summary judgment-type evidence

Since it is not apparent on the face of the Complaint that the amount in controversy exceeds the jurisdictional threshold, the Court turns to Defendant's summary judgment-type evidence. *See Gebbia*, 351 F.3d at 638-39; *White*, 319 F.3d at 675. Here, a majority of Defendant's evidence consists of opinions in tangentially related cases in which Defendant successfully blocked remand.[3] *See* Def.'s

---

[3] Although not argued in its Response, Defendant suggests in its Notice of Removal that the Court should consider the Policy's limits when evaluating the amount in controversy. *See* Def.'s Notice of Removal 4. The Policy insures Plaintiff's Property for up to $99,905, which is well over the $75,000 jurisdictional requirement. Def.'s Notice of Removal Ex. D, at 3, ECF No. 1-5. However, "the jurisdictional amount in controversy is measured by the value of the underlying claim —not the face amount of the policy." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002). Therefore, the Policy's limits are irrelevant.

Resp. Ex. B-C. This evidence alone is insufficient to carry Defendant's burden.

Defendant attempts to argue that Plaintiff's Insurance Code demand ("Demand") demonstrates that the amount in controversy exceeds $75,000.[4] Def.'s Resp. ¶ 3. According to the Demand, Plaintiff seeks $14,639.62 for property damage, $5,000 for mental anguish, $1,263.33 in statutory penalties, and $13,935.30 for attorney's fees as of March 16, 2011. Mot. to Remand Ex. A ("Demand") 2, ECF No. 4-1. Assuming Plaintiff proves the applicability of treble damages, these amounts, when totaled, equate to $74,117.49.[5] Defendant argues that the sum will exceed $75,000 when expected attorney's fees, consequential damages, and future mental anguish are added. Def.'s Resp. ¶ 3.

Defendant's argument is not persuasive. Although Defendant indicates that the Demand shows that the amount in controversy exceeds $75,000, the Court believes the Demand demonstrates exactly the opposite. The underlying property damage amounts to only $14,639.62. Demand 2. Moreover, the Demand indicates Plaintiff was willing to settle the case for a total of $34,838.25 with mental anguish and attorney's fees included. *Id.* Further, even if treble damages were to apply, the requested amount would

---

[4] It is not clear from Defendant's Response whether it offers the Demand as summary judgment-type evidence, or as support for the argument that it is apparent from the Complaint's face that the amount in controversy requirement is met. *See* Def.'s Resp. 2-3. Since the Demand is not mentioned in the Complaint but is instead cited in Defendant's Response and attached to the Motion to Remand, the Court will consider it summary judgment-type evidence.

[5] Treble damages would apply to Plaintiff's claims for property damage and mental anguish. Tex. Ins. Code § 541.152(b) (stating that treble damages are available for "actual damages"); *Tex. Mut. Ins. Co. v. Morris*, 287 S.W.3d 401, 424 (Tex. App. 2009) (stating damages for past mental anguish are actual damages). If treble damages were awarded, Plaintiff's damages would increase to $43,918.86 for property damage and $15,000 for mental anguish. Thus, when added together, the amounts stated in the Demand equal $74,117.49: $43,918.86 (property damage trebled) +$15,000 (mental anguish trebled) + $1,263.33 (statutory penalties) + $13,935.30 (attorney's fees as of March 16, 2011) = $74,117.49.

still fall $882.51 short of reaching the jurisdictional threshold. *Id.* Applying common sense and experience, the Court would be hard pressed to hold that $14,639.62 worth of property damage would result in a claim weighty enough to exceed the jurisdictional minimum.

Defendant has offered no other summary judgment-type evidence to show that Plaintiff's claim meets the jurisdictional requirement. Because Defendant's reading of the Demand is not sufficient to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000, Defendant has not carried their burden to show that the amount in controversy meets the jurisdictional threshold. *Garcia*, 351 F.3d at 638-39. Plaintiff's Motion to Remand must be granted.

### III. CONCLUSION

For the foregoing reasons, "Plaintiff's Opposed Motion to Remand and Memorandum in Support of Motion to Remand," ECF No. 4, is **GRANTED**. Accordingly, "Allstate's Opposed Motion for Leave to File Its Sur-Reply in Opposition to Plaintiff's Motion to Remand and in Supplement to Notice of Removal," ECF No. 17 is **DENIED**. The case shall be **REMANDED** to 120th Judicial District Court of El Paso County, Texas.

The Clerk shall close the case.

**SO ORDERED**
.
**SIGNED** on this 2nd day of November, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE